IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-104-FL

| | | |
|---|---|---|
| TRACY MOODY-WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LIPOSCIENCE, LOUVENIA CLEMONS, | ) | |
| and RONALD BESS, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff's motion to remand and for reimbursement (DE # 34), to which defendants have responded, and defendants' motion to strike (DE # 38) and second motion to strike (DE # 40), to which plaintiff has responded.[1] The motions are now ripe for ruling. For the following reasons, the court denies the parties' motions.

**STATEMENT OF THE CASE**

Plaintiff originated this employment discrimination lawsuit *pro se* on February 2, 2012, in Superior Court of Franklin County, North Carolina. Defendants timely filed a notice of removal on March 1, 2012, pursuant to 28 U.S.C. § 1331, based on plaintiff's claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), the Genetic Information Nondiscrimination Act ("GINA"), and the Age Discrimination in Employment Act ("ADEA"). Plaintiff also asserted a claim pursuant to North Carolina tort law for intentional infliction of emotional distress. On September 28, 2012, after defendants had answered the

---

[1] Also pending on the docket is defendants' partial motion to dismiss and the magistrate judge's memorandum and recommendations ("M&R") regarding that motion. Those matters will be taken up by separate order.

complaint and filed a motion to dismiss, and magistrate judge had issued an M&R on said motion, plaintiff moved to remand the case to state court and for reimbursement of expenses. Defendants then filed a motion to strike a portion of plaintiff's motion to remand and reimburse pursuant to Rule 12(f). Defendants filed a second motion to strike a filing by plaintiff responding to defendants' memorandum in support of M&R. The parties' motions are denied for the reasons stated below.

## DISCUSSION

A. Defendants' Motions to Strike

Rule 12(f) states that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of the motion to strike is to avoid the waste of time and money that arises from litigating unnecessary issues. The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike." Godfredson v. JBC Legal Group, P.C., 387 F. Supp. 2d 543, 547 (E.D.N.C. 2005) (internal citations and quotation marks omitted). However, motions to strike are "generally viewed with disfavor because striking a portion of a pleading is a drastic remedy." Waste Management Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotation marks omitted). Therefore, "motions to strike are rather strictly considered and have often been denied even when literally within the provisions of Rule 12(f) where there is no showing of prejudicial harm to the moving party." Godfredson, 387 F.Supp. 2d at 547-48. Furthermore, when considering a motion to strike against a *pro se* litigant, the court does not hold her to "the same stringent standards as attorneys." Sawyer v. Potash Corp. of Saskatchewan, 417 F.Supp.2d 730, 738 (E.D.N.C. 2006).

Here, neither of defendants' motions to strike seek to remove any remarks from the pleadings. The first motion to strike seeks to strike the "scandalous and impertinent" portions of

2

plaintiff's motion to remand, contained on pages 3-5 thereof. Defs.' Mot. to Strike 1. The second motion to strike seeks to remove similar assertions from plaintiff's objection to defendants' brief in support of M&R. Defs.' Second Mot. to Strike 1. Neither motion to strike is supported by an assertion that the "scandalous and impertinent" material would cause prejudicial harm. See Defs.' Resp. in Opp'n 4-5 (arguing that plaintiff's scandalous assertions about defense counsel and Director of the EEOC Thomas Colclough in her motion to remand are without merit); Defs.' Second Mot. to Strike 1-3 (arguing that plaintiff's suggestion of improper conduct in relation to her case between defense counsel and Colclough is unsupported by fact, distortion of defendants' arguments and irrelevant personal attacks on individual defendants should be stricken). Where, as here, the defendants are seeking to strike materials filed by a *pro se* litigant without a sufficient showing of prejudice, the motions are denied.[2]

B.   Plaintiff's Motion to Remand and Reimburse Expenses

Defendants removed this action pursuant to 28 U.S.C. § 1331. Plaintiff moves for remand to state court and reimbursement of expenses incurred as a result of removal, pursuant to 28 U.S.C. § 1447(c), on the basis that this court lacks subject matter jurisdiction over the controversy. Defendants respond that this court has subject matter jurisdiction based upon plaintiff's Title VII claim (which will remain in part regardless of whether defendants' partial motion to dismiss is granted).

The court strictly construes removal jurisdiction due to federalism concerns. Md. Stadium Auth. v. Ellerbe Becket Inc., 407 F.3d 255, 260 (4th Cir. 2005). Accordingly, "if federal jurisdiction is doubtful, a remand to state court is necessary." Id. (internal quotation marks omitted). Remand

---

[2] Note that the court will disregard any immaterial assertions made by the parties.

3

to state court is required absent any basis for federal subject-matter jurisdiction. See, e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) (reminding every federal court that it must have jurisdiction to hear the claims before it as a "threshold matter"); Jones v. Am. Postal Workers Union, 192 F.3d 417, 429 (4th Cir. 1999) (reversing a district court's remand to state court of a claim brought pursuant to the ADA). In this case, federal question forms the basis of the court's subject-matter jurisdiction. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.") This court has original jurisdiction over claims under federal law, including Title VII, the ADA, the GINA, and the ADEA. See id.

Plaintiff asserts that state courts have authority and are competent to adjudicate federal claims. Pl.'s Mot. 1 (citing Tafflin v. Levitt, 493 U.S. 455 (1992)). In Tafflin, the Supreme Court held that state courts have concurrent jurisdiction over civil claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Tafflin, 493 U.S. at 467. In this case, it is immaterial whether state courts have concurrent jurisdiction to hear any of plaintiff's claims. Plaintiff may not simply rely upon concurrent jurisdiction, but must show an absence of any basis for subject-matter jurisdiction to accomplish remand once a case has been properly brought in this court. See Jones, 192 F.3d at 429. Therefore plaintiff's motion to remand and for related expenses is denied.

## CONCLUSION

For the foregoing reasons, defendants' motions to strike (DE ## 38, 40), and plaintiff's motion to remand and for reimbursement (DE # 34), are DENIED.

SO ORDERED, this the 26 day of March, 2013.

LOUISE W. FLANAGAN
United States District Judge