IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-104-FL

| | | |
|---|---|---|
| TRACY MOODY-WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LIPOSCIENCE, LOUVENIA CLEMONS, | ) | |
| and RONALD BESS, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on memorandum and recommendation ("M&R") of United States Magistrate Judge Robert B. Jones, Jr. (DE 32), recommending this court allow defendants' partial motion to dismiss (DE 13). Plaintiff, appearing *pro se*, responded to the motion to dismiss and objected to the M&R. Defendants filed a memorandum in support of the M&R, to which plaintiff responded. The issues raised are ripe for ruling. For the following reasons, the court adopts the M&R and grants defendants' partial motion to dismiss.

**STATEMENT OF THE CASE**

Plaintiff originated this employment discrimination lawsuit *pro se* on February 2, 2012, in Superior Court of Franklin County, North Carolina. Liposcience, Louvenia Clemons, and Ronald Bess (collectively "defendants") timely filed a notice of removal on March 1, 2012, pursuant to 28 U.S.C. § 1331, based on plaintiff's claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), the Genetic Information Nondiscrimination Act ("GINA"), and the Age Discrimination in Employment Act ("ADEA"). Plaintiff also asserts a claim pursuant to North Carolina tort law for intentional infliction of emotional distress ("IIED").

On March 13, 2012, plaintiff moved to amend her complaint. On March 26, 2012, defendants filed a partial motion to dismiss and answered the complaint. On April 19, 2012, plaintiff filed a response to defendants' answer and two responses to defendants' motion to dismiss. On May 7, 2012, defendants replied in support of their partial motion to dismiss, to which plaintiff filed a surreply on May 18, 2012. By order on May 18, 2012, the court stayed discovery until after the resolution of defendants' pending partial motion to dismiss. On September 6, 2012, plaintiff was allowed to amend her complaint by order. Order was accompanied by the M&R recommending allowance of defendants' partial motion to dismiss which is now before the court. On September 28, 2012, plaintiff moved to remand the case to state court and for reimbursement of expenses. Subsequently, defendants filed two motions to strike. These three motions were denied by order entered March 26, 2013. Therefore, the only matter that remains to be resolved before stay of discovery may be lifted is defendants' partial motion to dismiss.

## STATEMENT OF FACTS[1]

The court incorporates by reference the factual background in the M&R, and briefly summarizes those facts as follows. Plaintiff began a temporary employee position at LipoScience, a diagnostic company in Raleigh, North Carolina, on February 10, 2010. Plaintiff obtained her position there as a data control specialist through a temporary employment agency, Innovative Talent Solutions ("ITS").

Plaintiff's work was supervised by defendant Clemons, who exhibited an array of inappropriate work behaviors. According to plaintiff, defendant Clemons advised plaintiff to work more slowly so that she could fill the day with assignments given, gave plaintiff tasks that were not

---

[1] As discussed infra, the alleged facts in the complaint are accepted as true for the purpose of evaluating defendants' partial motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

work-related such as organizing binders and writing a resume for defendant Clemons's boyfriend. Defendant Clemons also gossiped, ignored plaintiff's concerns about coworkers (including defendant Bess), skipped work without letting others know she would be absent, and watched television shows on her work computer. Plaintiff felt that the working environment created by defendant Clemons was so poor that she ate lunch in her car, but did not quit or report defendant Clemons to human resources ("HR") because she needed the job and hoped to secure a permanent position.

Plaintiff's work at LipoScience slowed and eventually they did not have work for her, so she left the position on July 23, 2010, and used that time to get a needed surgery. Defendant Clemons had told plaintiff that summer months were slow, but there would be more work for plaintiff later in the year. Accordingly, plaintiff returned to work on August 23, 2010. A few days earlier, on August 20, 2012, plaintiff obtained a prescription for Prozac, due to her depression about returning to work at LipoScience.[2]

Upon return to work, defendant Bess began to harass plaintiff by flirting and expressing interest in her. Defendant Bess's behavior was undeterred by meeting plaintiff's husband. Defendant Bess attempted to kiss plaintiff after following her to her car. He also attempted to follow plaintiff into the women's restroom and kiss her. These types of incidents continued, becoming more aggressive. In response plaintiff would push defendant Bess away and/or turn away from him. Plaintiff was afraid of defendant Bess and suffered from panic attacks due to his presence.

Plaintiff talked about defendant Bess with her co-workers, who responded with stories of similar behavior that defendant Bess had displayed in the past toward other women working at

---

[2] Her dosage was doubled a few weeks after she returned to work. Pl.'s Obj. to M&R 13-14.

3

LipoScience. Plaintiff reported defendant Bess's behavior to defendant Clemons, who also knew of past similar behaviors. Defendant Clemons indicated that she would talk to her boss and get back to plaintiff. Plaintiff's anxiety worsened over the course of her employment, to the point where she was prescribed Xanax on January 18, 2011. Plaintiff was terminated from her position on February 14, 2011.

## DISCUSSION

A.   Standard of Review

The district court reviews *de novo* those portions of an M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"A document filed *pro se* is to be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). See also Wojcicki v. Aiken Technical Coll., 360 F. App'x 484, 487 (4th Cir. 2010) (a *pro se* Title VII litigant is entitled to have pleadings read liberally). Liberal construction is particularly appropriate when a *pro se* complaint raises civil rights issues. Brown v. N. Carolina Dept. of Corr., 612 F.3d 720, 722 (4th Cir. 2010). However,

> a district court is not required to recognize obscure or extravagant claims defying the most concerted efforts to unravel them . . . . The special judicial solicitude with

4

which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.

Weller v. Dep't of Soc. Services for City of Baltimore, 901 F.2d 387, 391 (4th Cir. 1990) (internal quotation marks omitted).

B.      Rule 12(b)(1) Dismissal of ADA, GINA & ADHA Claims

Before bringing a discrimination claim under Title VII, a plaintiff must first file a discrimination charge with the EEOC. This charge determines the scope of the plaintiff's right to bring a subsequent Title VII action in federal court. See, e.g., Bryant v Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002). "[O]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Evans v. Techs. Applications & Servs. Co., 80 F.3d 954, 963 (4th Cir. 1996). As noted in the M&R, a plaintiff's failure to exhaust administrative remedies in an EEOC action deprives the court of subject matter jurisdiction over the claim. Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009).

The Fourth Circuit takes a narrow approach to determining if claims are "reasonably related" to or "developed by reasonable investigation of" the original complaint. Evans, 80 F.3d at 963. If the EEOC charge alleges discrimination on one basis, and the federal action alleges discrimination on a different basis, the separate federal claim will generally be barred. Jones, 551 F.3d at 300. The Fourth Circuit has held that a plaintiff may not expand an adverse employment action beyond the allegations stated in the original EEOC charge. Chako v. Patuxent Institution, 429 F.3d 505, 509 (4th Cir. 2005).

5

Defendants contend that plaintiff has failed to exhaust her administrative remedies with respect to her discrimination claims under the ADA, ADEA, and GINA, and move to dismiss plaintiff's complaint in part on this ground. Plaintiff responded in agreement by filing on April 19, 2012, also asking the court not to consider claims pursuant to these three statutes. Plaintiff does not concede any other claims. Therefore, defendants' motion to dismiss in part is granted as to plaintiff's ADA, ADEA, and GINA claims.

C.  12(b)(6) Partial Motion to Dismiss

Defendants challenge the pleadings, in part, under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In evaluating their motion, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). To survive a motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plausibility standard is met where "the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 255 (quoting Iqbal, 556 U.S. at 678).

"Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [the] evidence" required to prove the claim. Twombly, 550 U.S. at 556. Furthermore, the complaint need not set forth "detailed factual allegations," but instead must simply "plead sufficient facts to allow a court, drawing on 'judicial experience and common sense,' to infer 'more than the mere possibility

6

of misconduct.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 556 U.S. at 679). In evaluating the factual content necessary to survive a motion to dismiss, however, the court does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Id. at 255 (citing Iqbal, 556 U.S. at 678; Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009)) (internal quotation marks omitted).

"At bottom, determining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion will 'be a context-specific task.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 679). If the properly considered factual allegations, viewed in context, fail to "nudge[] . . . claims across the line from conceivable to plausible, the[] complaint must be dismissed." Twombly, 550 U.S. at 570. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of [that] line." Iqbal, 556 U.S. at 678 (internal quotation marks omitted).

    1.    Liability of Individual Defendants under Title VII

Title VII makes it unlawful for an employer to "discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex," 42 U.S.C. § 2000e-2(a)(1). Only an "employer" is liable under Title VII; the statute does not permit individual liability. See Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180-81 (4th Cir. 1998).

Plaintiff objects to the recommendation contained in the M&R that the court grant defendant's partial motion to dismiss with regard to the Title VII claim against the individual defendants. Here, plaintiff has properly brought her Title VII claim against LipoScience, but

7

plaintiff cannot bring a Title VII claim against the individual defendants. See Lissau, 159 F.3d at 180-81. Thus, plaintiff's objection as to the Title VII claim is overruled, the analysis in the M&R is adopted, and defendants' motion to dismiss as to the liability of individual defendants under Title VII is granted.

      2.      Intentional Infliction of Emotional Distress

In North Carolina, intentional infliction of mental distress consists of: (1) extreme and outrageous conduct; (2) that is intended to cause severe emotional distress to another; and (3) that does in fact cause severe emotional distress to another. Holloway v. Wachovia Bank & Trust Co., 339 N.C. 338, 351, 452 S.E.2d 233, 241 (1994). Whether the alleged conduct is sufficiently extreme and outrageous is a question of law. Mitchell v. Lydall, Inc., No. 93-1374, slip op. at 3 (4th Cir. Feb. 10, 1994) (unpublished per curiam opinion). To be considered "extreme and outrageous" the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Id. (internal citations and quotation marks omitted). Furthermore, in the employment context, it is an "extremely rigorous standard." Thomas v. Northern Telecom, 157 F.Supp.2d 627, 635 (W.D.N.C. 2000). For example, in Keziah v. W. M. Brown & Son, 888 F.2d 322 (4th Cir. 1989), the district court's grant of summary judgment for defendant was affirmed on plaintiff's IIED claim when plaintiff alleged, among other things, that her telephone messages were withheld and used by male sales representatives to usurp her sales leads, information was secretly removed from her files and mail, and she was harassed, humiliated, and otherwise subject to an adverse employment environment. Id. at 326-27 (citing Hogan v. Forsyth Country Club, 79 N.C. App. 483, 340 S.E.2d 116 (1986)).

Furthermore, claims of IIED based upon sexual harassment generally include a combination of explicitly obscene language, sexual advances, and/or sexual touching. Compare Poole v. Copland, Inc., 348 N.C. 260, 261-62, 498 S.E.2d 602, 603 (1998) (recognizing an IIED claim sufficient to go to a jury where defendant repeatedly used explicitly obscene language to describe what he would do to plaintiff, touched his genitals in her presence while propositioning plaintiff or gesturing toward her obscenely, and stood behind her with his pants unzipped suggesting he would "show [plaintiff] what a real man felt like"), with Guthrie v. Conroy, 152 N.C. App. 15, 24, 567 S.E.2d 403, 410 (2002) (finding summary judgment for defendant where defendant held plaintiff from behind, rubbed her shoulders, threw potting soil and water on plaintiff remarking he had "always wanted to see [her] in a wet T shirt," and placed objects suggestively between the legs of a nude male statuette, asking how plaintiff "liked it").

Plaintiff alleges that defendant Clemons was rude, gossiped, lied, made plaintiff perform tasks that were outside the scope of her job at LipoScience, and interfered with plaintiff's ability to work in both her department and in the lab. The case law is replete with scenarios arguably more outrageous than what plaintiff has described that have been found insufficient to constitute extreme and outrageous conduct. See, e.g., Smith v. Computer Task Group, Inc., 568 F.Supp.2d 603, 622 (M.D.N.C. 2008) (finding no extreme or outrageous conduct when employer allegedly intentionally terminated plaintiff's employment, health benefits, and worker's compensation benefits even though employer was aware of an injury plaintiff sustained while on the job); Atkins v. U.S.F. Dugan, Inc., 106 F.Supp.2d 799, 810-11 (M.D.N.C. 1999) (finding conduct not extreme or outrageous when employee was told he was too old and sick to handle his job and was allegedly terminated in violation of federal and state discrimination laws); Pardasani v. Rack Room Shoes, Inc., 912 F.Supp.

9

187, 192 (M.D.N.C. 1996) (finding conduct not extreme and outrageous when plaintiff alleged he was given poor performance evaluations, denied promotions available to others, excluded from training, and finally terminated); Hogan, 79 N.C. App. at 493-94, 340 S.E.2d at 122-23 (finding conduct not extreme or outrageous when coworker "screamed and shouted at [plaintiff], called her names, interfered with her supervision of waitresses under her charge and on one occasion threw menus at her"). Therefore, plaintiff has failed to state a claim for IIED as to defendant Clemons.

Plaintiff alleges that defendant Bess attempted to kiss her, followed her to her car and the restroom, and became more aggressive with his flirtations so that she had to physically push him away. This type of conduct, while improper, does not rise to the level of "extreme and outrageous" conduct that North Carolina requires for a claim of IIED where sexual harassment is at issue. Plaintiff does not allege that defendant Bess used any vulgar or obscene language, made sexually explicit gestures, or touched either plaintiff or himself in the chest or genital region. See Poole, 348 N.C. at 261-62, 498 S.E.2d at 603; Ruff v. Reeves Bros., Inc., 122 N.C. App. 221, 226-27, 468 S.E.2d 592, 596 (1996) (finding a claim survived summary judgment where defendants held plaintiff down while pulling up her bra and shirt, explicitly described sexual encounters, stated they wanted to have sex with plaintiff and eat her, and pulled plaintiff's legs apart, in addition to non-sexual forms of harassment).[3] In sum, the court finds that reading the facts as alleged in plaintiff's amended complaint in the light most favorable to her, plaintiff has not plead facts sufficient to meet the first

---

[3] Courts have recognized that the showing required for sexual harassment-related IIED claims is higher than those same claims under Title VII. See Guthrie, 152 N.C. App. at 19-20, 567 S.E.2d at 407-408. As defendants have not moved for dismissal of plaintiff's Title VII claim as to plaintiff's employer, defendant Liposcience, the court does not evaluate plaintiff's claim of discrimination based on sex at this time.

element a claim for IIED against either defendant Clemons or defendant Bess.[4] Therefore, the court adopts the evaluation within the M&R of the first element of plaintiff's IIED claim and grants defendants' partial motion to dismiss.

## CONCLUSION

Upon *de novo* review of those portions of the M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the M&R as set forth above, and GRANTS defendants' partial motion to dismiss (DE 13). Defendants Clemons and Bess are DISMISSED from this action where no claims remain against them. The stay of discovery proceedings is hereby LIFTED for plaintiff to proceed against defendant LipoScience. An order directing the parties' pre-trial activities will follow. The court of its own initiative, to further the efficient administration of the action, restyles the case caption to exclude reference to those defendants now dismissed, and directs plaintiff and the remaining defendant to take note of this in their further case filings.

SO ORDERED, this the 17th day of June, 2013.

LOUISE W. FLANAGAN
United States District Judge

---

[4] As plaintiff has failed to demonstrate the first element of her IIED claim in this case, the court need not reach the evaluation of subsequent elements in the M&R or plaintiff's objections thereto. The court adopts the magistrate judge's thoughtful analysis of the first element of this claim as to each individual defendant. Additionally, the court recognizes that any IIED claim against defendant LipoScience must necessarily be dismissed without any individual defendants upon which to base liability.

11