IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-104-FL

| | | |
|---|---|---|
| TRACY MOODY-WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LIPOSCIENCE, | ) | |
| | ) | |
| Defendant. | ) | |

Now before the court is plaintiff's request to extend the case deadline and her motion for

sanctions. Also before the court is defendant's motion to compel. The court dispenses with any

background statement, where the nature and status of the case have previously been detailed on the

record. The court takes up each of the three issues raised in turn below.

1.      Plaintiff's Motion To Extend the Case Schedule

This matter comes before the court on plaintiff's motion to extend the deadline for her

deposition to be taken, where she will not be medically ready to be deposed until after February 15,

2014 (DE 60), which motion appears consented to, to the extent defendant responds that "[i]f

Plaintiff is not sufficiently recovered before January 2, 2014, to attend her own deposition by the

cut-off date [January 2, 2014], Defendant will file another motion seeking to enlarge the discovery

period to permit the depositions necessary to prepare this case for the anticipated dispositive motion,

including the deposition of Plaintiff." (DE 61, p. 2). The court obviates need for formal motion,

upon the circumstances presented. All remaining deadlines as set forth previously in the court's text

order entered October 10, 2013, are hereby extended for an additional six-week period after

plaintiff's stated recovery end date. Discovery now shall conclude on April 1, 2013. Dispositive motions shall be filed on or before May 1, 2014, and mediation shall occur on or before May 16, 2014.

2.      Plaintiff's Motion For Sanctions

This matter also comes before the court upon plaintiff's motion for sanctions (DE 59). Plaintiff sought production of phone records from defendant for calls, including local calls, between January and August 2011. Defendant responded that the request was overly broad and not relevant to plaintiff's sexual harassment claim.

Plaintiff, who sues defendant for sexual harassment in the workplace, asserts the theory that her former co-worker, Tosha Kelly, was contacted by defendant for the purpose of dissuading Kelly from serving as a witness to plaintiff's alleged harassment. Plaintiff also seeks to investigate calls between other witnesses to her alleged harassment. Therefore, she requested phone records for an eight month time period. As noted, defendant contested discovery on the basis that plaintiff seeks phone records for too long a period of time, and her request is overly broad.

Plaintiff's motion to compel was granted in order entered September 10, 2013. Thereafter, defendant sought more time to respond, upon working with defendant's telephone service provider, Windstream Communications ("Windstream"), to investigate obtaining the ordered records.

The court's order, in the form suggested by defendant, included provision that "Defendant shall submit a sworn declaration from Windstream on or before October 4, 2013, which states that it is not possible for Windstream to produce records reflecting local in-bound telephone calls to Defendant during the period from January 2011 through August 2011 because the information is not

2

retrievable from Windstream's telephone switch." (DE 54). In its response, defendant illuminates refusal by Windstream to provide any verification.

Included with the instant motion is a copy of an affidavit signed not by a representative of Windstream but by defense counsel, repeating what she was told by a representative of Windstream. There is reference in the affidavit to certain records being made available to plaintiff, which may relate to some 2,000 additional pages of telephone records made mention of in an e-mail attachment following, made by or on behalf of AT&T and Verizon.

Plaintiff, it appears, was given opportunity to inspect these records, but failed so to do. From the face of her motion it appeared she may have been offered copies for a fee, which she has declined to pay. The record is informed now by defendant's response. In its filing December 5, 2013, defendant reports as such. Defendant renews in its response the availability of those documents to plaintiff, for her inspection, and the fact copies may be made, subject to payment.

Plaintiff asserts that counsel must be deceitful, where Windstream failed and refused to cause to be entered into the record any affidavit, as ordered, and other records have been withheld. These contentions have been countered by defendant, whose other efforts in discovery are detailed in that response. Said motion seeking sanctions is denied, where there appears no basis in fact or law.

3.      Defendant's Motion to Compel

Finally, there is a motion by defendant to compel (DE 58) on the record. Defendant seeks a list of all employers to whom plaintiff submitted an application or resume after leaving her assignment with defendant. Defendant also seeks a signed authorization allowing it to seek medical records from any health professionals who have served plaintiff for emotional distress. Finally,

defendant seeks any records corroborating plaintiff's allegation that she needed medication to treat her emotional distress. Plaintiff did not respond to defendant's motion.

Rule 26(b) of the Federal Rules of Civil Procedure provides for a broad scope of discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." The broad scope of discovery is subject to limitation if it is unreasonably cumulative, duplicative, burdensome or expensive. Fed. R. Civ. P. 26(b)(2)(C).

Defendant asserts that it requires plaintiff's employment applications because she "has a legal obligation to mitigate her damages." The court notes that plaintiff's complaint alleges that her assignment with defendant has harmed her work opportunities. It is not unreasonable to require plaintiff to provide a list of all employers she has provided with an application or resume. Similarly, the requests for medical files and bills are relevant to plaintiff's request for emotional damages. Plaintiff has offered no reason for denying or limiting discovery of this information.

Upon review of the complaint, as amended, and in careful consideration of Rule 26, the court finds that plaintiff is entitled to the discovery requested. Defendant's motion to compel is GRANTED.

Plaintiff shall produce and deliver to plaintiff a list of all employers to whom she submitted an application or resume, signed authorization giving defendant access to medical records related to plaintiff's emotional distress, and records corroborating plaintiff's allegation that she has taken medication to treat her emotional distress.

Plaintiff shall produce such discovery related to identification of employers within **fourteen (14) days from date of entry of this order.**

Said records related to her medical and emotional condition shall be protected from public disclosure and, therefore, subject to protective order. Each side shall tender proposed protective order within **fourteen (14) days from date of entry of this order**, in furtherance of the directives attached hereto at Appendix A. Within **fourteen (14) days from date of entry of the appropriate protective order**, plaintiff shall produce such discovery related to her medical and emotional condition, as herein ordered.

SO ORDERED, this the 10th day of December, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge

5

A.


COURT'S DIRECTIONS CONCERNING PARTY ASSEMBLY

AND COURT ADDRESS

OF ANY PROPOSED PROTECTIVE ORDER


6

Health records discovery in this case will be governed by a protective order.

1.      A jointly proposed protective order shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause for issuance of the protective order pursuant to Federal Rule of Civil Procedure 26(c).

2.      Any proposed protective order shall set out the procedure for filing under seal confidential documents, things, and/or information, pursuant to the requirements of Stone v. University of Maryland Medical System Corp., 855 F.2d 178, 180-181 (4th Cir. 1988). Specifically, a proposed protective order shall include the following language: "Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court."

3.      Before ruling on any motion to seal the court will give the public notice of the motion and a reasonable opportunity to challenge it. While individual notice is unwarranted, the court will docket the motion reasonably in advance of deciding the issue, or, where applicable, the court will notify persons present in courtroom proceedings of the motion. The court will rule favorably upon any motion to seal only after carefully weighing the interest advanced by the movant and those interests favoring public access to judicial documents and records, and only upon finding that the interests advanced by the movant override any constitutional or common law right of public access which may attach to the documents, things, and/or information at issue.

4.      The parties are directed to Section T of the court's Electronic Case Filing Administrative Policies and Procedures Manual, available online at http://www.nced.uscourts.gov/pdfs/cmecfPolicyManual.pdf, for information regarding how to file and serve sealed documents through the court's Case Management / Electronic Case Filing system ("CM/ECF").

7