IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-104-FL

| | | |
|---|---|---|
| TRACY MOODY-WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| LIPOSCIENCE, | ) | |
| | ) | |
| Defendant. | ) | |

THIS MATTER comes on for hearing based upon Defendant's submission of a proposed Protective Order in accordance with the Court's order dated December 11, 2013 (DE #68). This Protective Order contains the terms which shall govern the pretrial production, pretrial disclosure and return of documents and information identified by the parties as confidential, and

Whereas this action involves a claim of unlawful sexual harassment and retaliation by Plaintiff against Defendant LipoScience and includes an assertion that Plaintiff has suffered emotional distress allegedly as a result of the claimed wrongful conduct;

Whereas Defendant has requested production of Plaintiff's medical records in order to fully evaluate her claim of emotional distress;

Whereas the discovery requested by Defendant includes, but is not limited to, personal medical records; and

Whereas the information sought to be protected is private and confidential; that disclosure of the information outside the confines of this litigation could violate privacy interests of the Plaintiff, could cause embarrassment to her; and that the sharing of the information sought to be protected will promote fairness and efficiency in the litigation.

NOW, THEREFORE, IT IS ORDERED that:

1.  Any party to this action, prior to the production by it of any documents of a confidential or proprietary nature, shall have the right to mark such document with the heading "CONFIDENTIAL." Both the first page and all subsequent pages of the document shall be so marked. The documents so designated, and the information contained therein (hereinafter collectively referred to as "Confidential Information"), shall not be disclosed by the party to whom such documents have been produced, other than to:

    (a) the party's attorneys (including partners, associates and employees of said attorneys);

    (b) in the case of a corporate party, employees of the corporate party when such disclosure is determined by the corporate party to be necessary in connection with the litigation;

    (c) any expert witnesses retained by the party in this litigation; and

    (d) this or any other Court before which this litigation is pending, including any Court personnel, and professional shorthand reporters.

2.  Any party to this action may designate documents obtained by way of subpoena and/or medical authorizations as "Confidential Information" by so stating within twenty days after receipt of the documents and any such designated documents shall thereafter be subject to all of the provisions of this Consent Protective Order.

3.  Any party to this action may designate one or more portions of any transcript (including exhibits) of a deposition containing confidential or proprietary information as "Confidential Information" by so stating in the course of the deposition, or within twenty days

after receipt of the transcript, and any such designated portions shall thereafter be subject to all of the provisions of this Consent Protective Order.

4. Prior to a disclosure to any persons identified in Paragraph 1(b) or 1(c) above, the person to whom disclosure is to be made shall be furnished with a copy of this Consent Protective Order. Each such person is bound by the terms of this Order, and is subject to the jurisdiction of this Court in the event of any violation.

5. Documents subject to this Order may be used as exhibits or otherwise during depositions in this lawsuit. Prior to the use of any such documents during the deposition of a witness who is not produced for deposition by the party asserting confidentiality, the deponent shall be provided with a copy of the Order and advised that he/she is required to maintain the confidentiality of the protected information.

6. If a party disagrees with the designation of any document as Confidential, that party must notify, in writing, counsel for the designating party within twenty (20) days of receipt of the documents marked "CONFIDENTIAL." Within twenty (20) days of receipt of such notice, the designating party shall either (1) notify the objecting party in writing that it will agree to the declassification requested or (2) contact the Court to resolve the dispute. Until the dispute is resolved, the designated material in question shall continue to be treated as "Confidential Information" subject to the terms of this Consent Protective Order. If the designating party does not contact the Court within the allotted time, the material in question will automatically become declassified.

7. No person bound by this Consent Protective Order shall disclose any "Confidential Information," either orally or in writing, to any person to whom disclosure is not authorized by the terms hereof.

8. All "Confidential Information" herein produced shall be used only in connection with this litigation and shall not be used in connection with any other lawsuit or for any other purpose whatsoever.

9. All "Confidential Information" hereinafter filed with the Court shall comply with the procedure for filing set forth in *Stone v. University of Maryland Medical System Corp.*, 855 f.2D 178, 180-181 (4TH Cir. 1988). Each time a party seeks to file under seal Confidential Information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

10. Before ruling on any motion to seal, the Court will give the public notice of the motion and a reasonable opportunity to challenge it. While individual notice is unwarranted, the Court will docket the motion reasonably in advance of deciding the issue, or, where applicable, the Court will notify persons present in the courtroom proceedings of the motion. The Court will rule favorably upon any motion to seal only after carefully weighing the interest advanced by the movant and those interests favoring public access to judicial documents and records, and only upon finding that the interests advanced by the movant override any constitutional or common

law right of public access which may attach to the documents, things, and/or information at issue.

11. Any documents filed under seal pursuant to Court order will be filed in accordance with Section T of the Court's Electronic Case Filing and Administrative Policies and Procedures Manual.

12. Within thirty (30) days after termination of this litigation, including any and all appeals taken therefrom, or within thirty (30) days after the time for taking such appeals has expired without appeal having been taken, counsel shall return to opposing counsel all discovery and copies thereof subject to this Consent Protective Order in the possession of persons or entities other than counsel for the parties to this Agreement. In lieu thereof, counsel may, at its option, confirm in writing to opposing counsel that counsel has destroyed all materials subject to the provisions of this Consent Protective Order that were in the possession of persons or entities other than counsel for other parties to this Agreement. No individual or entity other than counsel for the parties to this Agreement may retain any documents which constitute confidential information subject to this Consent Protective Order and/or which incorporate or disclose confidential information. All confidential documents not returned or destroyed shall remain subject to this Consent Protective Order.

13. Upon the request of any party, upon final termination of this litigation, including all appeals, the Clerk of the Court shall return all written material containing "Confidential Information" to the counsel of record who filed same with the Court.

14. No provision of this Consent Protective Order shall be construed as restricting disclosure or use of any document or information by the party making production of the documents or information designated as "Confidential Information."

15. The parties retain the right to move before this Court for an Order seeking to modify the terms hereof.

16. This Order shall not prohibit the use of any documents or information subject to the Order at trial of this matter.

SO ORDERED, this the 2nd day of January, 2014.

*Louise W. Flanagan*
LOUISE W. FLANAGAN
United States District Judge